IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MARCUS ASKEW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 04-2235 Ma/P |
| | ) | |
| DAVID MILLS, Warden, et al., | ) | |
| Respondents. | ) | |

ORDER GRANTING RESPONDENTS' MOTION TO DISMISS

This case involves Marcus Askew's petition for a writ of habeas corpus arising from his denial of parole. Before the court is Respondents' motion to dismiss, filed September 27, 2004. Petitioner responded on October 20, 2004. For the following reasons, the motion is GRANTED.

I. Background

Petitioner Askew brings a petition for a writ of habeas corpus under 28 U.S.C. § 2254, claiming that he is being held in the West Tennessee State Penitentiary in Henning, Tennessee, in violation of the United States Constitution. Askew alleges several constitutional violations in his parole hearing: 1) the reasons given for denial of his parole were vague and inadequate, 2) his parole was denied in an arbitrary and capricious manner, 3) he was denied protection from double jeopardy because the parole board relied on facts in its decision denying parole that were duplicative of those underlying his conviction, 4) he was not

permitted access to his parole file, 5) the Tennessee Board of Paroles has not established meaningful criteria for granting parole, 6) the Tennessee Board of Paroles neglected its duty to determine petitioner's fitness to be paroled because only one board member appeared at petitioner's hearing, and the board member failed adequately to study the petitioner's application for parole, and 7) the state of Tennessee has unilaterally altered Petitioner's plea agreement.

The Respondents argue that the Petitioner has failed to exhaust his state remedies and that he has no justiciable constitutional claims.

## II. Jurisdiction

Petitioner brings this action under 28 U.S.C. § 2254, and the court has jurisdiction under that provision.

## III. Analysis

There is no inherent constitutional right to parole. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). State law and procedures determine whether a state prisoner has a liberty interest in parole sufficient to trigger constitutional due process protections. Id. at 11; Boards of Pardon v. Allen, 482 U.S. 369, 373 (1987); Wright v. Trammell, 810 F.2d 589, 590 (6th Cir. 1987). There is no constitutionally protected interest where the state holds out "no more than a mere hope that the benefit will be obtained." Wright, 810 F.2d at 590

(quoting Greenholtz, 442 U.S. at 11).

It is well established that the rules of the Tennessee Board of Paroles do not create a protected liberty interest sufficient to trigger due process protections. Wright, 810 F.2d at 590-91; Wells v. Tennessee Board of Paroles, 909 S.W.2d 826, 828 (Tenn. Ct. App. 1995); Rowan v. Traughber, 48 Fed. Appx. 489, 490-91 (6th Cir. 2002); Berry v. Traughber, 48 Fed. Appx. 483, 484-85 (6th Cir. 2001). Thus, the Petitioner cannot bring a constitutional challenge to the procedures employed in conducting his parole hearing.[1] See Wright, 810 F.2d at 591; Walton v. Michigan, 115 Fed. Appx. 786, 787 (6th Cir. 2004). The court does not reach the question of exhaustion of state remedies.

## IV. Conclusion

For the foregoing reasons, the respondents' motion to dismiss is GRANTED.

So ORDERED this 21st day of April 2005.

*[signature]*

SAMUEL H. MAYS, JR
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner claims that he "in no way is challenging the intrinsic correctness of the Board of Paroles['s] decision." (Pet. Resp. at 4.) Because he does not assert that the Board's decision to deny parole was incorrect, it is highly unlikely that Petitioner's allegations show that he is "*in custody* in violation of the Constitution or laws or treaties of the United States," a threshold requirement for success on a habeas petition. See 28 U.S.C. § 2254(a) (emphasis added).

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 9 in case 2:04-CV-02235 was distributed by fax, mail, or direct printing on April 22, 2005 to the parties listed.

---

Howard L. Wagerman
WAGERMAN LAW FIRM
200 Jefferson Ave.
Ste. 1313
Memphis, TN 38103

Mark A. Fulks
ATTORNEY GENERAL'S OFFICE (NashvilleCr)
P.O. Box 20207
Nashville, TN 37202

Honorable Samuel Mays
US DISTRICT COURT